GREENBERG TRAURIG, LLP
Rick L. Shackelford (SBN 151262)
ShackelfordR@gtlaw.com
Adam Siegler (SBN 116233)
SieglerA@gtlaw.com
Catalina V. Kelly (SBN 322643)
KellyCa@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone:   (310) 586-7700
Facsimile:    (310) 586-7800

Attorneys for Defendant Better Holdco, Inc.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHCHIDANAND JHA, an individual, | CASE NO. 22-CV-000783-LAB(KSC) |
| Plaintiff, | [Assigned for All Purposes to Honorable Larry Alan Burns] |
| v. | **DEFENDANT BETTER HOLDCO, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMAND** |
| BETTER HOLDCO, INC., a corporation, | |
| Defendant. | |
| | Date:         August 8, 2022 |
| | Time:        11:15 a.m. |
| | Place:       Courtroom 14A |
| | Action Filed:     February 24, 2022 |
| | Action Removed:  May 31, 2022 |

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND ..............................................1

III. LEGAL DISCUSSION.........................................................................4

   A.   The Legal Standard Requires The Court To Consider, Among Other Things, Whether The Amendment Is Offered For The Improper Purpose Of Defeating Federal Jurisdiction. ...................................4

   B.   The Court Should Exercise Its Discretion And Deny Leave to Amend. ........5

      1.   Ms. Petcu's Absence Would Not Preclude Granting Complete Relief. ......................................................................5

      2.   A Separate Action Against Ms. Petcu Would Not Be Time-Barred. ........................................................................6

      3.   While Plaintiff's Motion May Be Timely, His Actions Evidence His True Intent Behind His Amendment. ...........................7

      4.   Plaintiff's Sole Motive For Joinder Is To Destroy This Court's Jurisdiction.........................................................7

      5.   Plaintiff Will Not Be Prejudiced If Joinder Is Denied.........................8

      6.   Plaintiff Fails To Allege a Viable Claim Against Ms. Petcu..................................................................................9

IV.  PLAINTIFF'S ALLEGATION THAT THE AMOUNT IN CONTROVERSY DOES NOT MEET THE FEDERAL THRESHOLD OF AT LEAST $75,000 IS WITHOUT MERIT..............................................................10

V.   CONCLUSION ...............................................................................11

22-CV-000783-LAB(KSC)

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

ACTIVE 65661009v8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Boon v. Allstate Ins. Co.*,
  229 F. Supp. 2d 1016 (C.D. Cal. 2022) ............................................................5, 6

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ...........................................................................11

*Clinco v. Roberts*,
  41 F. Supp. 2d 1080 (C.D. Cal. 1999) ........................................................5, 7, 8

*IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion,*
  *S.A. de C.V.*,
  125 F. Supp. 2d 1008 (N.D. Cal. 2000) ...............................................................5

*Jian-Ming Zhao v. RelayRides, Inc.*,
  No. 17-CV-04099-JCS, 2017 WL 6336082 (N.D. Cal. Dec. 12, 2017) ............11

*Meyer v. Fifth Third Bank*,
  SA CV 19-1803-DOC-DFM, 2019 U.S. Dist. LEXIS 205533
  (C.D. Cal. Nov. 26, 2019).................................................................................10

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) .............................................................................9

*Williams v. Brown Family Cmtys.*,
  No. C-05-1337 JCS, 2005 U.S. Dist. LEXIS 36173
  (N.D. Cal. July 11, 2005)..................................................................................10

**California Cases**

*Alliance Mortg. Co. v. Rothwell*,
  10 Cal. 4th 1226 (1995) ...................................................................................11

*Hinman v. Westinghouse Elec. Co.*,
  2 Cal. 3d 956 (1970) ..........................................................................................9

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

**Federal Statutes**

28 U.S.C.
    § 1332(a)(2) ....................................................................................................10
    § 1446(b)(3) ....................................................................................................4
    § 1447(e) ...................................................................................................4, 5, 6

Equal Credit Opportunity Act, 15 U.S.C.
    § 1691 *et seq.* ..............................................................................................3

Federal Rule of Civil Procedure
    19..................................................................................................................5
    19(a) ............................................................................................................4

**California Statutes**

Cal. Civ. Code
    § 3294..........................................................................................................11

Cal. Gov't Code
    §§ 12900-12996 ..........................................................................................4

California Fair Employment and Housing Act ...........................................................4

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

## I.   <u>INTRODUCTION</u>

Defendant Better Holdco, Inc. ("Better") respectfully submits that the Motion for Leave to Amend and Remand ("Motion") filed by Plaintiff Sachchidanand Jha ("Plaintiff") should be denied because the belated addition of Defendant Ana Petcu, a non-managerial, non-exempt former employee of Better who had almost nothing to do with the loan transaction at issue—but just so happened to reside in California—is an improper attempt to destroy the Court's diversity jurisdiction over this lawsuit.

Plaintiff suggests in his Motion to the Court that he had already made the decision to add Ms. Petcu prior to Better's removal of the case.  Plaintiff omits, however, the key fact that he added Ms. Petcu, and dropped his federal claim, just a few days after Better's counsel disclosed that Better intended to remove the case, while the case was still pending in the lower court.  As it happened, the San Diego Superior Court rejected Plaintiff's amendment to add Ms. Petcu, as a result of which the case became removable.  Plaintiff's attempt to remand the case should be rejected because the attempted addition of Ms. Petcu is simply another procedural gambit to destroy diversity, which this Court can and should disregard.

The fact that Plaintiff is proceeding in pro per should not change this result. Although Plaintiff is not an attorney, he is highly educated, and his signature block represents that that he has three Master's degrees, an LL.B., and a Ph.D. (Declaration of Catalina V. Kelly ("Kelly Decl."), Exs. A-D.)  His emails with counsel, and his subsequent procedural maneuvers, demonstrate that he understands federal subject matter jurisdiction sufficiently well to have engaged in a deliberate gambit to drop his statutory federal claim and add a non-diverse defendant to defeat this Court's jurisdiction.  The fact that Plaintiff's procedural gamesmanship was done without a bar card does not insulate it from this Court's critical review.  Plaintiff's Motion should be denied.

## II.   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

This case arises from Plaintiff's application for a $753,250 mortgage loan with Better, an online mortgage originator.  Per underwriting guidelines, Plaintiff needed to

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

demonstrate ~$9,000 in verified monthly income to qualify for this substantial loan. Plaintiff could not do so.  For that reason and that reason alone, Plaintiff failed to close on his loan.  Instead of accepting the clear facts, Plaintiff seizes on isolated, out-of-context statements in his many interactions with Better to claim that his loan was actually denied due to his receipt of unemployment income.

The reality is that Better gave Plaintiff every opportunity, and made every effort, to verify that he had sufficient continuing income for this substantial loan.  In particular, Better representatives repeatedly sought to verify Plaintiff's legally and ethically incredible claim that he was receiving thousands of dollars per month in rental income in California while he was simultaneously receiving hundreds of dollars per week in unemployment income from Massachusetts, plus federal COVID-19 relief.  Due in part to IRS processing timelines, there were delays in obtaining verified tax transcripts from the IRS showing that Plaintiff had in fact received and reported this claimed rental income.

Despite these delays, Better kept working with Plaintiff to close on his loan.  It was Plaintiff who, on May 10, 2021, declared he no longer needed it.  On that date, he informed Better representatives that the sellers have moved on and there was nothing for him to pursue the loan.  A Better representative subsequently informed Plaintiff that Better would withdraw Plaintiff's application.   The application was marked as denied based on Plaintiff's debt to income ratio, in compliance with Better's underwriting requirements and those of the federal institutions that govern these loans.

As with Plaintiff's cherry-picking of irrelevant, out-of-context statements to concoct a lawsuit against Better, Plaintiff has cherry-picked one unlucky former Better employee, out of the many who tried to help him get his loan, to concoct a defense to federal jurisdiction.  The emails that Plaintiff attached to his Complaint show that Ms. Ana Petcu, a former non-exempt Better employee who Plaintiff now seeks to sue, was a non-managerial employee at Better, who had no involvement in the origination of the loan. Instead, she happened to respond to Plaintiff's inquiry when the employee handling it was out for the day, as she stated in her email:  "Hi Sachida, I am reaching out to you since

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

Chantel is out of the office today." (Dkt. 1-2, Ex. 1, p. 3.)  Indeed, Ms. Petcu is no longer employed at Better.  The procedural chronology in this case shows that Ms. Petcu, a California resident, is being added to the case only after Better disclosed to Plaintiff that it planned to remove the case to federal court.

By way of procedural background, on February 24, 2022, Plaintiff filed his initial Complaint in the San Diego Superior Court.  (Dkt. 1-2).  Plaintiff's principal claim was that Better had violated the federal Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*, because Better had improperly considered Plaintiff's receipt of unemployment income in determining whether he had sufficient income to qualify for a $753,520 loan.  (Dkt. 1-2, Compl. ¶¶ 9, 14-16, A).[1]  Although Plaintiff had sent the Complaint to the wrong state, Better executed and returned the Notice and Acknowledgement of Receipt, and Plaintiff filed it on April 20, 2022.  (Dkt. 1-5).

After accepting service of the Complaint, Better immediately entered into discussions with Plaintiff in a good faith effort to resolve this dispute.  During these discussions, Better's counsel, Ms. Catalina Kelly, informed Plaintiff of Better's intention to remove the case to federal court. (Kelly Decl., ¶ 2, Ex. A.)

On April 23, 2022, Plaintiff contacted Ms. Kelly to explain that he will "move the federal court to remand the case to state court" if Better proceeded with removal.  (*Id*., ¶ 3, Ex. B.)

On April 27, 2022, Plaintiff again contacted Ms. Kelly asking "I am just curious, but has your client decided about the removal of the lawsuit?"  (*Id*., ¶ 4, Ex. C.) Ms. Kelly informed Plaintiff that same day that Better would be pursuing removal.  (*Id*., ¶ 5.)

On May 3, 2022, less than one week after receiving confirmation of Better's decision to remove the case to federal court, Plaintiff served amendments to his Complaint in which he dropped his federal claim under the ECOA and replaced it with a claim pursuant to the

---

[1] Plaintiff also appeared to allege claims for "arbitrary" denial of his application, intentional misrepresentation, and breach of contract and the duty of good faith and fair dealing, but these were not set out in separate causes of action.  (*Id.* ¶¶ B-D).

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

California Fair Employment and Housing Act ("FEHA"), codified in Cal. Gov't Code sections 12900-12996. (Dkt. 1-3 at ¶ 2.)[2]

On May 5, 2022, only two days later, Plaintiff served a second amendment to his Complaint to name Ms. Petcu as a Defendant. (Dkt. 1-6, Amendment to Complaint – Addition of a Defendant). On May 10, 2022, the amendment was rejected by the Superior Court for pleading defects. (Dkt. 1-7.) The Superior Court's rejection of Plaintiff's second amendment to his Complaint rendered this action removable under diversity jurisdiction.

On May 27, 2022, Better learned of the May 10, 2022 docket entry in which the trial court rejected Plaintiff's second amendment and promptly removed this action on May 31, 2022. (Dkt. 1.)[3] Plaintiff now seeks to defeat that removal through the addition of Ms. Petcu, yet again, as a non-diverse defendant.

## III.   LEGAL DISCUSSION

### A.   The Legal Standard Requires The Court To Consider, Among Other Things, Whether The Amendment Is Offered For The Improper Purpose Of Defeating Federal Jurisdiction.

After a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e). In the case of a diversity-destroying amendment, courts have considered several factors when determining whether to allow permissive joinder under section 1447: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join

---

[2] In addition, he made a claim for what is thought to be promissory estoppel, but may be fraud, and seeks "unlimited" damages, as well as specific performance. (*Id.*).

[3] On May 13, 2022, since Better had not yet received notice that the Court had rejected the Plaintiff's second amendment, Better filed an Answer to the Complaint.[3] (Dkt. 2). Prior to May 27, 2022, Better had not received a copy of the May 10, 2022 order "through service or otherwise." 28 U.S.C. § 1446(b)(3).

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; and (6) the strength of the claims against the new defendant.  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2022).[4]

### B.   The Court Should Exercise Its Discretion And Deny Leave to Amend.

Here, Plaintiff seeks leave to amend his Complaint to name Ana Petcu, a former Better underwriting associate, in his Complaint and remand this action to state court.  Ms. Petcu, like Plaintiff, is a resident of California whose joinder would destroy the Court's diversity subject matter jurisdiction, but Plaintiff should be precluded from amending his Complaint to add her as a defendant.

### 1.   Ms. Petcu's Absence Would Not Preclude Granting Complete Relief.

Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or subject any of the parties to the danger of inconsistent obligations. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).  While typically a court may assess whether to add a party under the Rule 19 "necessary" party standard, a diversity-destroying amendment is analyzed under section 1447(e), requiring higher scrutiny than does amendment generally.   *IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000).

It is not clear from Plaintiff's Motion what claims he is asserting against Ms. Petcu individually,[5] but it is clear that Ms. Petcu had little or nothing to do with the decision to deny the loan and is not liable for damages or any other remedy.  In determining whether

---

[4] Plaintiff inexplicably relies on a test imposed by the Fifth Circuit, but we have applied the settled Ninth Circuit test herein.

[5] Even his Motion, Plaintiff still failed to specify the claim he seeks to allege against Ms. Petcu when he suggests that: "[a] plain reading of the email from Ana Petcu would suggest a plausible claim against the individual for negligent or wrongful action . . . or malice . . ." (Mot. ¶ II.)

5                          22-CV-000783-LAB(KSC)

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

to permit joinder, the Court looks for a high degree of involvement by the party sought to be joined in the occurrences that gave rise to the plaintiff's cause of action. *Boon*, 229 F. Supp. 2d at 1022. Here, while Ms. Petcu may have been tangentially involved in the underlying suit against Better, she is not a crucial or even necessary defendant to ensure Plaintiff obtains complete relief. Indeed, Ms. Petcu was not even the employee who formally denied Plaintiff's loan. This case revolves around well-accepted underwriting standards, and does not hinge on Ms. Petcu's involvement as a non-exempt underwriting associate[6] in assisting others to review and process Plaintiff's loan application.

Further, the law is clear that, after the initial complaint is filed and removal occurs, it is within the Court's discretion under section 1447(e) to deny joinder of a diversity-destroying party whose identity was ascertainable and thus could have been named in the first complaint. *Id.*, citing *Filippini v. Ford Motor Co.*, 110 F.R.D. 131 (N.D. Ill. 1986) (refusing to exercise discretion to allow joinder of a nondiverse party where party was not indispensable, alleged facts did not indicate significant involvement of new defendant with occurrence giving rise to cause of action, and new party could have been sued in the original complaint). Here, Plaintiff could have named Ms. Petcu in the original complaint, or in Plaintiff's first amendment thereto, because he corresponded directly with her and refers to and attaches that correspondence in the Complaint—yet he did not name her as a defendant. Therefore, this first factor does not support Plaintiff's belated amendment to join Ms. Petcu as a defendant.

### 2. A Separate Action Against Ms. Petcu Would Not Be Time-Barred.

Plaintiff does not argue that a new action against Ms. Petcu would be time-barred because it would not be. Accordingly, this factor does not support allowing Plaintiff's proposed amendment.

---

[6] Plaintiff incorrectly alleges that Ms. Petcu was a manager for Better during the relevant time period, but there is nothing in the Complaint or the exhibits to support this. In fact, Ms. Petcu never held a managerial position at Better and instead was a non-exempt underwriting associate or credit analyst.

6                                    22-CV-000783-LAB(KSC)

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

### 3. While Plaintiff's Motion May Be Timely, His Actions Evidence His True Intent Behind His Amendment.

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Here, Better timely removed this case on May 31, 2022 (Dkt. 1) and Plaintiff sought leave to amend his complaint to name Ms. Petcu as a defendant and remand the case back to state court on June 13, 2022 (Dkt. 8). But the real issue is not whether Plaintiff's attempt to amend his complaint was technically started in a timely fashion—rather, it is the timing of all of Plaintiff's amendments and attempted amendments, just days after Better disclosed that it would remove the Complaint and shortly after Better removed the case to federal court, which demonstrate Plaintiff's improper intent underlying the amendment. Rather than proactively naming Ms. Petcu, Plaintiff inquired first about the removal and only amended his Complaint to add her in order prevent Better from being able to remove the case to federal court.[7]

### 4. Plaintiff's Sole Motive For Joinder Is To Destroy This Court's Jurisdiction.

"[T]he motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint." *Clinco*, 41 F. Supp. 2d at 1083 quoting *Desert Empire Bank v. Ins. Co. of N. America*, 623 F.2d 1371, 1376 (9th Cir. 1980). Motive is particularly important in removal jurisdiction cases where the consequences of joining a new defendant may defeat the court's jurisdiction. *Id*. In *Clinco*, the court suspected that plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because plaintiff filed an amended complaint only two days after removal that was substantially similar to the original complaint with the exception of some editorial changes and the addition of the new defendants. *See Clinco*, 41 F. Supp. 2d at 1083 n.2 (weighing this factor against permitting

---

[7] Indeed, of all the other employees named in Plaintiff's original complaint, he seeks only to add Ms. Petcu, a California resident.

7    22-CV-000783-LAB(KSC)

**OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND**

ACTIVE 65661009v8

amendment).  As in *Clinco*—where the Court held that one could justifiably suspect that Plaintiff's amendment of his complaint to add a diversity-destroying defendant was caused by removal rather than an evolution of his case—the same can be said here.  *Id.* at 1083.

Here, the chronology of events, including Plaintiff's own email inquiries about removal, prove beyond any doubt that Plaintiff's intent was solely to impede removal to this Court.  During Plaintiff and Better's discussions, Better informed Plaintiff of its intention to remove the case to federal court. (Kelly Decl., ¶ 2.)  After receiving notice of Better's intention to remove and final confirmation of such intention (Kelly Decl., ¶¶ 2, 4-5), Plaintiff swiftly filed an amendment to his Complaint to destroy federal question jurisdiction (Dkt. 1-3), and quickly thereafter attempted to amend his Complaint to add Ms. Petcu in order to destroy diversity jurisdiction (Dkt. 1-6). Thus, Plaintiff knew from the onset through discussions with Better's counsel that Better planned to remove, but it was not until Plaintiff received final confirmation that Better would indeed be removing did Plaintiff hastily begin doing everything he could to prevent this case from being removed.  Indeed, as described above, Plaintiff could have amended his Complaint right off the bat since he clearly knew of Ms. Petcu's involvement as evidenced by his mentioning of her in his original complaint and attaching exhibits containing communications with her, yet he did not do so.  Plaintiff *only* began making amendments to his complaint *after* receiving word from Better's counsel that Better would pursue removal.  Once this case was removed, Plaintiff immediately sought leave to amend and remand.  (Dkt. 8.)

Accordingly, this factor does not support Plaintiff's amendment to join Ms. Petcu as a defendant.

### 5.    Plaintiff Will Not Be Prejudiced If Joinder Is Denied.

Plaintiff will not suffer undue prejudice if the Court chooses to deny joinder of the diversity-destroying defendant.  Plaintiff has already named defendant Better, which

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

1    remains a party to the action and a potential source for payment of damages.[8]  Additionally,

2    Plaintiff may still depose Ms. Petcu and have her testimony preserved for trial and Plaintiff

3    may proceed against Ms. Petcu in state court should he so choose.  *See Newcombe v. Adolf*

4    *Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("[Plaintiff] would not suffer undue prejudice

5    . . . because he could subpoena [the defendant he seeks to join] to testify at trial, and if he

6    so chose, he could still proceed separately against [the defendant he seeks to join' in state

7    court.")  Therefore, this factor does not support Plaintiff's amendment to join Ms. Petcu as

8    a defendant.

9              **6.    Plaintiff Fails To Allege a Viable Claim Against Ms. Petcu.**

10              Plaintiff's claim against Ms. Petcu is also completely contrived.  Ms. Petcu did not

11   hold a managerial role at Better and was a non-exempt underwriting associate who simply

12   filled in for a co-worker who was absent that day.  Plaintiff's proposed amendment does

13   not assert any new allegations that were not already asserted in his original complaint and

14   it does not allege any specific facts that would render Ms. Petcu liable for damages or other

15   remedies.

16              Significantly, Plaintiff alleges in his Complaint, and includes exhibits so reflecting,

17   the conduct of a number of other Better employees who were far more involved in the

18   review of his loan application.  Indeed, Ms. Petcu only stepped in to respond to Plaintiff's

19   e-mail inquiries when her colleague who was engaged in correspondence with Plaintiff

20   was out of the office.  Plaintiff's attempt to add only Ms. Petcu—a California resident—

21   speaks volumes.

22              Finally, Plaintiff now seeks the remedy of specific performance—*i.e.*, the forced

23   granting of a loan—which is relief that could never be imposed upon an individual

---

[8] In any event, under the doctrine of respondeat superior, Better would be liable for Ms. Petcu's conduct as her employer. *See Hinman v. Westinghouse Elec. Co.*, 2 Cal. 3d 956, 960 (1970) (an employer is responsible for the employee's wrongful acts (whether negligent or intentional) notwithstanding the exercise of due care in hiring the employee or supervising his or her conduct).

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

1   employee of Better (let alone a *former* employee of Better such as Ms. Petcu).  Clearly,

2   Ms. Petcu should not be in this lawsuit at all.  This final factor militates sharply against

3   granting Plaintiff's amendment to join Ms. Petcu as a defendant.

4   **IV.   PLAINTIFF'S ALLEGATION THAT THE AMOUNT IN CONTROVERSY**

5   **DOES NOT MEET THE FEDERAL THRESHOLD OF AT LEAST $75,000**

6   **IS WITHOUT MERIT.**

7           In addition to complete diversity between the parties, the amount in controversy

8   must exceed $75,000, exclusive or interest and costs, in order for the Court to have

9   diversity subject matter jurisdiction. 28 U.S.C. § 1332(a)(2). Here, Plaintiff inexplicably

10  sets forth some calculations in an effort to show that the amount sought by Plaintiff does

11  not meet the "in excess of $75,000" jurisdictional threshold (Dkt. 8, III).  Plaintiff misses

12  the mark.  Here, the specific performance Plaintiff seeks is for the loan in the amount of

13  $753,250 at the interest rate of 3.00% to be honored.  In determining whether the amount

14  is controversy requirement is met, courts may consider not only damages—such as the

15  potential difference in interest rates—but also the cost to the defendant of specific

16  performance.  *Williams v. Brown Family Cmtys.*, No. C-05-1337 JCS, 2005 U.S. Dist.

17  LEXIS 36173, at *14 (N.D. Cal. July 11, 2005), citing *Ridder Bros., Inc. v. Blethen*, 142

18  F.2d 395, 399 (9th Cir. 1944) (holding that for purposes of calculating amount in

19  controversy, "[t]he value of the thing sought to be accomplished by the action may relate

20  to either or any party to the action").  Accordingly, the amount in controversy here exceeds

21  the $75,000 jurisdictional threshold.  *See Meyer v. Fifth Third Bank*, SA CV 19-1803-

22  DOC-DFM, 2019 U.S. Dist. LEXIS 205533 at *9-10 (C.D. Cal. Nov. 26, 2019) (the

23  $75,000 amount in controversy threshold was shown by a preponderance of the evidence

24  because "the specific performance sought by Plaintiff would include a payment of at least

25  $87,854.22.").

26          Further, Plaintiff's claims would exceed the amount in controversy threshold even

27  if his convoluted calculations were accepted at face value.  Plaintiff claims that his

28  compensatory damages amount to $49,885, but fails to factor in the punitive damages he

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

seeks in his Complaint. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes'" quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).   While Better disputes that any award of punitive damages would be appropriate in this case, Plaintiff's allegations of intentional misrepresentations put such damages at issue. *See, e.g.*, Cal. Civ. Code § 3294 (punitive damages may be appropriate where "fraud," constituting "intentional misrepresentation" are proven by clear and convincing evidence); *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1241 (1995) ("Punitive damages are recoverable in those fraud actions involving intentional, but not negligent, misrepresentations"); Dkt. 1-2 at ¶ C (seeking damages on the basis that "Defendant made the intentional misrepresentation to deny Plaintiff the loan."). Even applying a *conservative* one-to-one ratio of punitive damages to compensatory damages, the amount in controversy would equal $99,770. *See, e.g.*, *Jian-Ming Zhao v. RelayRides, Inc.*, No. 17-CV-04099-JCS, 2017 WL 6336082, at *15 (N.D. Cal. Dec. 12, 2017) ("ratio of 1:1 between punitive and economic damages … is a 'conservative' ratio for purposes of calculating the amount in controversy."). The $75,000 amount in controversy threshold is thus exceeded even under Plaintiff's account of the damages.

## V.   CONCLUSION

The requested addition of a non-manager, non-exempt, former employee who just happens to live in California, shows Plaintiff's Motion for what it really is:  an improper procedural gambit to destroy this Court's subject matter jurisdiction.  Better respectfully

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

*ACTIVE 65661009v8*

submits that the Court should deny Plaintiff's Motion for Leave to Amend, and accordingly, deny Plaintiff's related Motion to Remand.

Respectfully submitted,

Dated:  July 25, 2022                      GREENBERG TRAURIG, LLP

By:        _/s/ Catalina V. Kelly_____
                 Catalina V. Kelly
         Attorneys for Defendant Better Holdco, Inc.

OPPOSITION TO MOTION FOR LEAVE TO AMEND AND REMAND

ACTIVE 65661009v8