GREENBERG TRAURIG, LLP
RICK L. SHACKELFORD (SBN 151262)
ShackelfordR@gtlaw.com
ADAM SIEGLER (SBN 116233)
SieglerA@gtlaw.com
CATALINA V. KELLY (SBN 322643)
KellyCa@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant Better Holdco, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SACHCHIDANAND JHA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BETTER HOLDCO, INC., a corporation,<br><br>Defendant. | CASE NO. 22-CV-000783-LAB(KSC)<br><br>**DEFENDANT BETTER HOLDCO, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND AWARD OF REASONABLE ATTORNEYS' FEES**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Declaration of Catalina V. Kelly; and [Proposed] Order]<br><br>Date: January 23, 2023<br>Time: 11:15 a.m.<br>Place: Courtroom 14A<br><br>Action Filed: February 24, 2022<br>Action Removed: May 31, 2022 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on January 23, 2023 at 11:15 a.m., or as soon thereafter as the matter may be heard in Courtroom 14A of the above-entitled Court located at 333 West Broadway, San Diego, California 92101, Defendant Better Holdco, Inc. ("Better") will and hereby does move the Court for an Order as follows:

1. Enforcement of the settlement agreement reached between Plaintiff Sachchidanand Jha ("Jha") at the November 18, 2022 Settlement Status Conference; and
2. Award Better the excess costs, expenses, and attorneys' fees reasonably incurred due to Jha's conduct in repudiation of the settlement agreement in the amount of $19,379.50, or an amount the Court deems proper in light of the settlement terms agreed upon.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Catalina V. Kelly in support of the Motion, the pleadings and other materials filed herein, and on such other and further oral and documentary evidence as may be presented at the hearing on this Motion.

Respectfully submitted,

Dated: December 16, 2022   GREENBERG TRAURIG, LLP

By: */s/ Catalina V. Kelly*
Catalina V. Kelly
Attorneys for Defendant Better Holdco, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Better seeks to enforce a settlement agreement made on the record before Magistrate Judge Crawford on November 18, 2022, which Plaintiff Jha repudiated in bad faith and without cause. Better also seeks to recover the fees incurred in enforcing the settlement.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The September 7, 2022 Settlement and Jha's Repudiation

On September 7, 2022, the Court held an Early Neutral Evaluation Conference (the "ENE") to which the Parties stipulated to settlement on the record before the Court. *See* Dkt. 20. The parties acknowledged and the Court later found that this was a binding settlement agreement.

On September 8, 2022, Jha contacted counsel for Better, Ms. Catalina V. Kelly, and demanded a further 20% increase in the agreed-upon settlement amount or he would refuse to proceed. *See* Declaration of Catalina Kelly ("Kelly Decl."), ¶ 3, Ex. 1. Better declined payment of any additional sum and Jha thereafter repudiated the stipulated settlement. *Id*. at ¶ 4, Ex. 2.

### B. The September 30, 2022 Conference and Jha's Failure to Appear

On September 30, 2022, the Court held a Telephonic Disposition Conference to discuss the status of the settlement reached at the September 7, 2022 ENE. *Id*. at ¶ 5. Better and its counsel prepared for and appeared for the Conference, but Jha failed to appear. *Id*. The Court issued an Order to Show Cause as to why sanctions should not be imposed against Jha, and scheduled a Settlement Status Conference for November 18, 2022. *Id*.; Dkt. 22.

### C. The November 18, 2022 Settlement and Jha's Repudiation

On November 18, 2022, the Parties appeared before the Court and <u>again</u> agreed, <u>on the record</u>, to the exact same settlement terms that the Parties had agreed to during the

ENE on September 7, 2022. Kelly Decl., ¶ 6; *see* Dkt. Nos. 25, 30.[1] Judge Crawford specifically asked Jha to confirm that he understood and agreed to the settlement and he replied that he did. *See* Dkt. 30 (11/18/22 Tr.) at 2:21-3:15. The Court ordered Better to send Jha a draft settlement agreement and joint motion for dismissal with prejudice by November 22, 2022 and Jha was ordered to transmit executed copies to Better by November 28, 2022. *See* Dkt. 30 (11/18/22 Tr.) at 3:9-4:19.

Rather than comply with the Court's Order, Jha yet again contacted the Court and stated that he refused to execute the written document reflecting the settlement that he had already twice agreed to, on the record, on two different occasions. Kelly Decl., ¶ 6, Ex. 3. Accordingly, Better brings this Motion to enforce the settlement and recover some of the fees incurred as a result of Jha's willful misconduct.

## III. LEGAL DISCUSSION

### A. The Court Should Issue An Order Enforcing The Settlement As Agreed Upon On The Record In Open Court.

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). To be enforced, the settlement must meet two requirements: (1) it must be a complete agreement, *id.* at 890 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983)); and (2) both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute, *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977). An agreement to settle a federal case is a contract governed by the applicable state law. *Botefur v. City of Eagle Point*, 7 F.3d 152, 156 (9th Cir. 1993) ("The interpretation of a settlement agreement is governed by principles of state contract law…even where a federal cause of action is settled or released" (citations and quotation marks omitted)). Moreover, California has a strong policy in favor of enforcing settlement

---

[1] The basis, terms and amount of the settlement can be found in the November 18, 2022 hearing transcript. *See* Dkt. 30.

agreements. *Osumi v. Sutton*, 151 Cal.App.4th 1355, 1357 (2007). Thus, when parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement. *Blix Street Records, Inc. v. Cassidy*, 191 Cal.App.4th 39, 48 (2010).[2]

In *Doi v. Halekulani*, the Ninth Circuit affirmed a district court's order enforcing a settlement agreement between the parties where, as in the case at hand, the district court was involved in facilitating settlement discussions, which resulted in a settlement. 276 F.3d 1131, 1134 (9th Cir. 2002). Counsel for both the plaintiff and the defendant, as well as the plaintiff herself, came into open court to announce that the parties had agreed to settle the case and placed the terms of the settlement on the record. *Id.*[3]

Similarly, as in *Doi*, the Parties unequivocally agreed to a settlement, on the record, wherein Better would pay Jha a specific sum of money in exchange for a full release with prejudice. As ordered, Better transmitted the settlement agreement and joint motion for dismissal with prejudice to Jha on November 22, 2022, but despite Better following the Court's directives and having all intention of fulfilling its obligations under the stipulated settlement, Jha did just what he did the first time around and instead forced Better and the Court to suffer through his merry-go-round of false promises. Thus, the Court should order Jha to finally fulfill his obligations and execute the settlement agreement as agreed upon in open court on the record and execute the joint motion for dismissal with prejudice.

---

[2] In general, "[p]arties may engage in preliminary negotiations, oral or written, in order to reach an agreement. These negotiations ordinarily result in a binding contract when all of the terms are definitely understood, even though the parties intended that a formal writing embodying these terms shall be executed later." 1 Witkin, Summary of Cal. Law (10th ed. 2005) § 133, p. 172 (citations omitted); *see also Blix Street Records, Inc.*, *supra*, 191 Cal.App.4th at 48.

[3] Furthermore, there is no need for an evidentiary hearing where the parties have made an oral settlement on the record in open court, and the court may require the parties to comply with their representations without holding a hearing. *Doi*, *supra*, 276 F.3d at 1138.

### B. The Court Should Award Better Its Fees.

Better should be awarded its fees because Jha is vexatiously increasing the cost of litigation for Better. *See* 28 U.S.C. § 1927 ("[a]ny [party] or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.")

Better incurred $336.00 in fees to appear at the September 30, 2022 Disposition Conference, which was caused by Jha's repudiation of the settlement, and as to which Jha himself did not even appear. Kelly Decl., ¶ 9.

Better incurred $1,113.00 to appear at the November 18, 2022 Settlement Status Conference only to reach the exact same agreement reached at the ENE. *Id*.

Better incurred $4,410.00 to draft this motion to enforce and accompanying pleadings. *Id*.

Better is expected to incur $3,675.00 to file a reply and appear telephonically at the hearing. *Id*. at ¶ 10.

These fees total $9,534.00. *Id*. at ¶ 11.

Better recognizes that some adjustments to its fee requests may be necessary to account for the amount in controversy and the amount of the settlement. Accordingly, Better respectfully requests that the Court issue an order awarding Better attorneys' fees in the amount of $9,534.00, or some other amount that the Court deems proper in light of the settlement terms agreed upon by the Parties.

///
///
///
///

CASE NO. 22-CV-000783-LAB(KSC)
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT
5

## IV. CONCLUSION

Based on the foregoing, Better respectfully requests that the Court issue an Order enforcing the settlement agreement between Jha and award Better its costs and attorneys' fees incurred due to Jha's repeated non-compliance and vexatious misconduct.

Respectfully submitted,

Dated: December 16, 2022

GREENBERG TRAURIG, LLP

By:    */s/ Catalina V. Kelly*
      Catalina V. Kelly
      Attorneys for Defendant Better Holdco, Inc.

# PROOF OF SERVICE
### (Sachchidanand Jha v. Better Holdco, Inc.)
### USDC Case No: 3:22-CV-00783-LAB-KSC

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 1840 Century Park East, Suite 1900, Los Angeles, CA 90067-2121, **gutierrezd@gtlaw.com**.

On <u>December 16, 2022</u>Type Date here, I served: **DEFENDANT BETTER HOLDCO, INC.'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND AWARD OF REASONABLE ATTORNEYS' FEES** on the interested parties in this action by electronically as:

| <u>Via E-Mail</u> | <u>Via U.S. Mail</u> |
|---|---|
| Sachchidanand Jha<br>13574 Jadestone Way<br>San Diego, CA 92130<br>Tel: 857-293-3498<br>Email: sjha21@yahoo.com | Sachchidanand Jha<br>25 Avenida Munoz Rivera #407<br>San Juan, PR 00901 |

☒ **(BY MAIL)**

☐ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

☒ I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY OVERNIGHT COURIER)** I am readily familiar with the business practice of my place of employment in respect to the collection and processing of times for delivery by overnight courier. The foregoing sealed envelope was placed for collection and overnight delivery by UPS this date consistent with the ordinary business practice of my employment, so that it will be picked up this date with delivery charges fully prepaid at Los Angeles, California, and delivered the following business day in the ordinary course of business.

CASE NO. 22-CV-000783-LAB(KSC)
PROOF OF SERVICE RE NOTICE OF MOTION AND
MOTION TO ENFORCE SETTLEMENT
1

☒ **(BY ELECTRONIC MAIL)**
On the below date, I transmitted the foregoing document(s) by electronic mail, and the transmission was reported as complete and without error. This method of service was made pursuant to an agreement between counsel.

☒ **(FEDERAL)**
I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this court at whose direction the service was made.

Executed on <u>December 16, 2022</u>, at Los Angeles, California.

*Debbie Gutierrez*